# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANE A. KITTERMAN, ) | |
| #B-80577 ) | |
|         Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-114-NJR |
| ) | |
| OFFICER DUNNE, ) | |
| OFFICER SAMMS, and ) | |
| OFFICER EDWARDS, ) | |
| ) | |
|         Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

In *Kitterman v. Dennison*, Case No. 17-cv-290-SMY (S.D. Ill.) ("Original Action"), Plaintiff Shane A. Kitterman, an inmate of the Illinois Department of Corrections ("IDOC") currently housed in Shawnee Correctional Center ("Shawnee"), brought suit pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. The deprivations allegedly occurred at Shawnee and Big Muddy River Correctional Center. Pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), two Eighth Amendment claims directed against officers at Shawnee (Count 8 directed against Officer Dunne and Count 9 directed against Officer Dunne, Officer Samms, and Officer Edwards) were severed from that initial action to form the basis for this action, Case No. 18-cv-114-NJR.

This case is now before the Court for a preliminary review of those claims pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify

cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

The allegations in Plaintiff's Complaint (Doc. 2) relevant to this severed action are as follows: Between April and July 2017, after filing the Original Action, Plaintiff allegedly became the target of assault by corrections officers at Shawnee. (Doc. 2, p. 18). He describes one of these assaults by Officer Dunne. Sometime during this time period, the officer ordered Plaintiff to remove his clothing during a routine strip search conducted pursuant to "normal practices" while preparing for a scheduled visit. *Id*. While searching Plaintiff, Officer Dunne allegedly fondled his genitals. *Id*. Plaintiff was afraid for his safety. *Id*. He remained quiet until he felt safe enough to report the incident to a mental health care provider, who prepared a report. (Doc. 2, p. 19). When Officer Dunne learned about Plaintiff's report, he removed a property box from another inmate's cell and threw it at Plaintiff. *Id*. He also reported this incident. *Id*.

On July 13, 2017, Officer Dunne instructed Officer Samms and Officer Edwards to "[d]eadlock" Plaintiff in his cell and deprive him of food, water, exercise, and contact. (Doc. 2, p. 19). Plaintiff does not indicate whether they carried out these orders or describe how long he was subject to these deprivations. *Id*. He simply alleges that he was placed in solitary confinement for "several days," after his wife complained to internal affairs. (Doc. 2, pp. 19-20). Plaintiff allegedly continued to receive threats from Officer Dunne, but he offers no information about the dates, frequency, or nature of these threats. (Doc. 2, p. 20).

## Discussion

In its Severance Order (Doc. 1), the Court designated the following counts to be severed into this *pro se* action. The parties and the Court will continue to use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 8:** Eighth Amendment deliberate indifference claim against Officer Dunne for allegedly fondling Plaintiff's genitals during a routine strip search at Shawnee sometime between April and July 2017.
>
> **Count 9:** Eighth Amendment deliberate indifference claim against Officer Dunne, Officer Samms and Officer Edwards for subjecting Plaintiff to a "deadlock" on July 13, 2017, by placing him in his cell without food, water, exercise or contact for an unspecified period of time.

## Count 8

A strip search violates the Eighth Amendment when it is "conducted in a harassing manner intended to humiliate and inflict psychological pain." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003); *Fillmore v. Page*, 358 F.3d 496, 505 (7th Cir. 2004). Stated another way, the question is whether there was a legitimate penological reason for both the search and its scope. *Whitman v. Nesic*, 368 F.3d 931, 934–35 (7th Cir. 2004).

In this case, Plaintiff alleges that, during a routine strip search, Dunne gratuitously

fondled his genitals, causing Plaintiff to fear for his safety. Given these allegations, the Court cannot dismiss Count 8 at this early stage of the litigation. *See Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012) (trial necessary on plaintiff's allegations that guard gratuitously fondled plaintiff's testicles during search); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (strip search conducted in harassing manner intended to humiliate and inflict psychological pain stated claim).

Accordingly, Count 8 shall receive further review as to Dunne.

**Count 9**

To establish a constitutional violation with respect to a prison condition, an inmate must demonstrate that: (1) his condition was objectively serious; and (2) the defendant acted with deliberate indifferent to the condition. *Board v. Farnham*, 394 F.3d 469, 479–80 (7th Cir. 2005). A combination of conditions may violate the Eighth Amendment if they have a "mutually enforcing effect that produces the deprivation of a single, identifiable human need." *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (quoting *Wilson*, 501 U.S. at 304); *see also Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on severity, duration, nature of the risk and susceptibility of the inmate, prison conditions may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm).

An inmate who is deprived of adequate nutrition, a basic human need, may be able to sustain an Eighth Amendment claim. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Farmer v. Brennan*, 511 U.S. 825, 837 (1970); *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir.1992). But the denial of food is not a *per se* violation of the Eighth Amendment; instead, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir.1999).

Similarly, an inmate who is deprived of drinkable water may be able to sustain an Eighth Amendment claim. *See*, e.g., *Atkins v. City of Chicago*, 631 F.3d 823, 830 (7th Cir. 2011) (collecting cases). In *Atkins*, the inmate alleged that, after he swallowed an earring, he was placed in a cell without food or drinking water for four days until he passed the earring. *Id*. at 829–30. The Seventh Circuit noted that such an allegation may state a claim, but that the complaint indicated that the inmate had received other liquids during that time. *Id*. at 830–31.

Here, Plaintiff claims that Officer Dunne instructed Officer Samms and Officer Edwards to confine Plaintiff to his cell and deprive him of food, water, exercise, and contact. Plaintiff does not allege that the officers carried out these orders, however, or (if they did) describe the extent of the alleged deprivations. Without this information, the Complaint fails to state a plausible Eighth Amendment claim as to these individuals.

Accordingly, Count 9 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Pending Motion

Plaintiff has filed a second Motion for Leave to Proceed *in Forma Pauperis*. That Motion (Doc. 6) is **DENIED as moot**. An Order granting Plaintiff leave to proceed *in forma pauperis* (Doc. 5) was entered on January 22, 2018.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 8** shall receive further review as to **DUNNE.**

**IT IS FURTHER ORDERED** that **COUNT 9** is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. **COUNT 9** is the only claim directed against Defendants **SAMMS** and **EDWARDS.** Accordingly, Defendants **SAMMS** and

**EDWARDS** are **DISMISSED** from the action without prejudice. The Clerk of the Court is **DIRECTED** to terminate these individuals as defendants in CM/ECF.

**IT IS FURTHER ORDERED** that, as to **COUNT 8**, the Clerk of Court shall prepare for **DUNNE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 16, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**