UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANE KITTERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.   3:18-cv-0114-GCS |
| | ) |
| MICHAEL DUNNING, | ) |
| LLYOD EDWARDS, | ) |
| JERID PICKFORD, | ) |
| BRIAN BANKS, | ) |
| JEFFERY DENNISON, | ) |
| JOHN BALDWIN, | ) |
| LU WALKER, and | ) |
| OFFICER SAMMS, | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

**SISON, Magistrate Judge:**

Pending before the Court is Defendant Edwards's motion for review of Plaintiff's First Amended Complaint and for extension of time to file answer (Doc. 118). Based on the following, the Court grants the motion and designates the following claims in the First Amended Complaint as surviving merit review.

In *Kitterman v. Dennison*, Case No. 17-cv-290-SMY (S.D. Ill.) ("Original Action"), Plaintiff Shane A. Kitterman, an inmate in the Illinois Department of Corrections ("IDOC") who was housed at Shawnee Correctional Center ("Shawnee"), brought suit

pursuant to 42 U.S.C § 1983 for deprivations of his constitutional rights. The deprivations allegedly occurred at Shawnee and Big Muddy Correctional Centers. Pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), two Eighth Amendment claims directed against officers at Shawnee (Count 8 directed against Officer Dunning and Count 9 directed against Officer Dunning, Officer Samms, and Officer Edwards) were severed from that initial action to form the basis for this cause of action, Case No. 18-cv-114-GCS.

Following preliminary review of those claims pursuant to 28 U.S.C. § 1915A, the Court, as outlined in its Severance Order (Doc. 1), designated the following counts to be severed in this *pro se* action:

> **Count 8:** Eighth Amendment deliberate indifference claim against Officer Dunning for allegedly fondling Plaintiff's genitals during a routine strip search at Shawnee sometime between April and July 2017.
>
> **Count 9**: Eighth Amendment deliberate indifference claim against Officer Dunning, Officer Samms, and Officer Edwards for subjecting Plaintiff to a "deadlock" on July 2017, by placing him in his cell without food, water, exercise or contact for an unspecified period of time.

Count 9 was dismissed without prejudice for failure to state a claim for relief (finding the allegations insufficient). Kitterman was allowed to proceed on Count 8. (Doc. 7).

On June 14, 2019, the Court, pursuant to Federal Rule of Civil Procedure 15, 28 U.S.C. § 1915(e)(2)(B) and over Defendant Dunning's objection, granted in part and denied in part Kitterman's motion to file First Amended Compliant (Doc. 98).[1] That same

---

[1] The Court dismissed with prejudice the Illinois Department of Corrections as Kitterman cannot

day, the First Amended Complaint was filed.[2] (Doc. 99). The First Amended Complaint expanded his claims and added defendants which Kitterman alleges were responsible for additional unconstitutional conduct arising out of his original claim against Defendant Dunning.

After a review of the First Amended Complaint, the Court finds that Kitterman has stated the following claims, and that such claims are neither futile nor unduly delayed or prejudicial.[3]

| | |
|---|---|
| Count 1: | Eighth Amendment deliberate indifference claim against Dunning for allegedly fondling Kitterman's genitals during a routine strip search at Shawnee sometime between April and July 2017. |
| Count 2: | Eighth Amendment deliberate indifference claim against Dunning, Samms, and Edwards for subjecting Kitterman to a "deadlock" on July 13, 2017, by placing him in his cell without food, water, exercise or contact for an unspecified period of time. |
| Count 3: | First Amendment retaliation claim against Dunning, Edwards, and Samms for reporting the alleged sexual assault in violation of the First Amendment. |
| Count 4: | Eighth Amendment claim for failure to protect against Dennison and Baldwin. |
| Count 5: | Civil conspiracy claim against Dunning, Edwards, Pickford, Banks, Samms, and Walker. |
| Count 6: | State law claim of assault and/or battery against Dunning for allegedly fondling Kitterman's genitals. |

---

maintain a suit for damages against it.

[2]   The Court notes that the filing of Plaintiff's First Amended Complaint supersedes and renders void the original. S*ee Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).

[3]   The Court has renumbered the original counts for clarification.

      Count 7:      State law claim of assault against Dunning for allegedly throwing another inmate's property at Kitterman.

The Court notes that Kitterman sues the Defendants in their individual and official capacities but seeks only monetary damages (compensatory damages of $1,000,000 and punitive damages of $1,000,000). (Doc. 99, p. 15, 51). When a plaintiff seeks monetary damages against a state official, he must bring the suit against the official in his or her individual capacity. *See Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Thus, the claims against the Defendants in their official capacities are dismissed.

Accordingly, the Court **GRANTS** the motion for merit review of Plaintiff's First Amended Complaint and for extension of time to file answer (Doc. 118). The Court **ALLOWS** Defendants Dunning, Edwards, Pickford, Banks, Dennison, Walker, and Baldwin 21 days from the entry of this Order to respond to the claims outlined herein.

Further, the Clerk of the Court shall prepare for Defendant Samms the following: (1) Form 5 (Notice of a lawsuit and Request to Waive Service of a Summons); and (2) Form 6 (Waiver of Service of Summons). The Clerk of the Court is DIRECTED to mail these forms, a copy of the First Amended Complaint, and a copy of this Order to Defendant Samms's place of employment as identified by Kitterman. If Defendant Samms fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant Samms to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil

Procedure. Defendant Samms is **ORDERED** to file a timely and appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Finally, as previously noted many times throughout this litigation, Kitterman is **ADVISED** that he is under a continuing obligation to keep the Clerk of the Court and each opposing party informed of any change in his address. The Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days of a transfer or other change in address. Failure to comply with this Order will cause delay in the transmission of court documents and may result in the dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED**.

**DATED:   May 14, 2020.**

Digitally signed by Judge Sison
Date: 2020.05.14 11:51:42 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**